Accordingly the mandamus has been so awarded.

———

BODENHEIM, Mayor, v. LIGHTFOOT, Atty. Gen.

(Supreme Court of Texas. Dec. 14, 1910.)

1. MUNICIPAL CORPORATIONS (§ 957*)—TAXATION—CONSTITUTIONAL LIMITATION.

Const. art. 8, § 9, after various amendments, provided that the state tax on property, exclusive of a school tax, should not exceed 35 cents on $100, and that no county seat or town shall levy more than 25 cents on the $100 for city purposes, and not to exceed 15 cents for roads and bridges on $100 valuation, except for the payment of debts incurred prior to the amendment, September 25, 1883, and for the erection of public buildings, streets, etc., not to exceed 25 cents on $100 in any one year. Rev. St. 1895, art. 486, as amended by Acts 31st Leg. c. 23, provides that the city or town council may levy 25 cents on $100 valuation for current expenses, and may levy an additional 25 cents on $100 for the construction of public buildings, etc., and by ordinance levy a tax not exceeding 15 cents on $100 for the construction of roads and bridges, with the power to issue coupon bonds, etc. *Held*, that this statute was valid, and not in conflict with the Constitution.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2015–2022; Dec. Dig. § 957.*]

2. CONSTITUTIONAL LAW (§ 48*)—CONSTRUCTION — JUDICIAL AUTHORITY AND DUTY — CONSTITUTIONALITY.

Where the Legislature has passed an act, they affirm its constitutionality; and the courts should not declare it unconstitutional, unless it clearly and unequivocally appears to be so.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48;* Statutes, Cent. Dig. § 56.]

Petition for mandamus by G. A. Bodenheim, Mayor, against Jewel P. Lightfoot, Attorney General. Writ granted.

T. S. Johnson, for relator. Jewel P. Lightfoot, Atty. Gen., and Seb F. Caldwell and Sam D. Snodgrass, Asst. Attys. Gen., for respondent.

GAINES, C. J. The city of Longview, having 1.97 cents tax unlevied out of the 15 cents per $100 authorized by the Constitution for the construction of roads and bridges and other public improvements, determined to issue bonds for such sum as the unappropriated part of the 15 cents would justify. The city council passed a resolution to that effect, and presented the bonds to the Attorney General for approval. He disapproved the same, and hence the city council passed a resolution authorizing the mayor to bring suit to compel him to approve the bonds. This suit was brought in pursuance of said resolution, and the Attorney General answered that "the city council of the city of Longview, Texas, has, prior to the passage of the ordinance authorizing the bridge repair bonds herein, created debts of said city, evidenced by coupon bonds payable in future years, which are now outstanding bonds against said city, which has exhausted the tax of 25 cents on the $100 valuation of taxable property in said city authorized by the Constitution for the purpose of 'the erection of public buildings, streets, sewers, and other permanent improvements,'" and also that "the tax of 15 cents on the $100 valuation of taxable property authorized by the Constitution for 'roads and bridges' is a current tax for maintenance purposes, and the Legislature was without authority to authorize said tax to be appropriated to the principal and interest of a debt."

The Constitution of 1876 had this section: "Sec. 9. The state tax on property, exclusive of the tax necessary to pay the public debt, shall never exceed fifty cents on the one hundred dollars valuation; and no county, city or town shall levy more than one-half of said state tax, except for the payment of debts already incurred, and for the erection of public buildings, not to exceed fifty cents on the one hundred dollars in any one year, and except as in this Constitution is otherwise provided." Article 8, § 9. The original section was amended in 1883, and was again amended in 1890, which amendment now reads as follows: "Sec. 9. The state tax on property, exclusive of the tax necessary to pay the public debt and of the taxes provided for the benefit of public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation, and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment, September 25, A. D. 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in this Constitution otherwise provided. * * *"

We are of opinion that the proposition of the Attorney General cannot be maintained. The amendment reads: "No county, city or

———

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

town shall levy more than twenty-five cents for city or county purposes, and not exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment, September 25, A. D. 1883," etc. Article 486, Rev. St. 1895, as amended in the General Laws of 1909 (Acts 31st Leg. c. 23), among other things, provides as follows: That the city or town council "may levy and collect twenty-five cents on the one hundred dollars valuation of all property in such city or town for current expenses, and may levy and collect an additional twenty-five cents on the one hundred dollars valuation for the purpose of construction or the purchase of public buildings, waterworks, sewers and other permanent improvements within the limits of such city or town, and shall also have power by ordinance to levy and collect a tax not exceeding fifteen cents on the one hundred dollars valuation of property for the construction and improvement of the roads, bridges and streets of such city or town within its limits, and all cities and towns providing for such improvements shall have the power to issue coupon bonds of the city therefor in such sum or sums as they may deem expedient, to bear interest not exceeding six per cent. per annum; provided, that the aggregate amount of bonds issued for the construction or purchase of public buildings, waterworks, sewers and other permanent improvements shall never reach an amount where the tax of twenty-five cents on the one hundred dollars valuation of property will not pay the current interest and provide a sinking fund sufficient to pay the principal at maturity; and provided, also, that the amount of bonds issued for street improvement purposes shall never reach an amount where the tax of fifteen cents on the one hundred dollars valuation of property will not pay the current interest and provide a sinking fund sufficient to redeem them at maturity."

The Attorney General seeks to avoid this provision of the Revised Statutes by claiming that it is unconstitutional. But the unconstitutionality of the enactment is not apparent to us. The Legislature is a co-ordinate department of the state government, and it is their power and duty to pass upon the validity of all laws which they pass; and hence, when they have passed a law, they affirm its constitutionality, and the courts will not hold they have made a mistake, unless its invalidity is clearly apparent. There are other limitations in the Constitution as to the amount of the indebtedness; but it is not claimed in the answer that they are exceeded in the proposed indebtedness, and they do not concern us here.

We are of opinion that the writ of mandamus prayed for should be granted, and it is accordingly so ordered.